R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:  310-777-8399
Facsimile:   310-777-8348

Attorneys for Plaintiff,
C&C JEWELRY MFG., INC.

ORIGINAL FILED

2009 MAR 25 A 11: 20

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-filing

ADR

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| C&C JEWELRY MFG., INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRENT WEST, an individual,<br><br>Defendant. | CASE NO. C09 01303 JL<br><br>**COMPLAINT FOR DECLARATORY JUDGEMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NOS. 6,062,045, 6,553,667, 6,928,734, 6,990,736, 6,993,842, 7,032,314 AND 7,076,972 UNDER 28 U.S.C. § 2201, DAMAGES FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE AND EXISTING BUSINESS RELATIONSHIPS, UNFAIR COMPETITION UNDER 15 U.S.C. § 1051 *ET SEQ* AND CAL. BUS. & PROF. CODE § 17200 *ET SEQ*, AND DEMAND FOR JURY TRIAL PURSUANT TO FED. R. CIV. PROC., RULE 38** |

//

//

COMPLAINT                                          -1-

Plaintiff, C&C JEWELRY MFG., INC., ("C&C") complains of Defendant Trent West ("WEST") and shows as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff C&C is a corporation existing under the laws of the State of California.

2. Defendant WEST is an individual residing, upon information and belief, in the State of California, within this judicial district.

3. This is a complaint for Declaratory Judgment of patent invalidity and non-infringement, arising under the patent laws of the United States and for state-law claims of tortious interference with prospective and existing business relations. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

4. Because Defendant WEST is an individual who resides in this judicial district, venue is proper under 28 U.S.C. §§ 1391 and 1400.

### Background Facts

5. Plaintiff C&C is a manufacturer, importer and distributor of jewelry. Among the jewelry products C&C imports and distributes within the United States are jewelry finger rings made of tungsten carbide.

6. Defendant WEST is the owner of U.S. Patent Nos. 6,062,045; 6,553,667; 6,928,734; 6,990,736; 6,993,842; 7,032,314; and 7,076,972 ("WEST PATENTS").

7. Defendant WEST has sued a number of sellers of tungsten carbide jewelry finger rings for patent infringement across the United States. Among the defendants in WEST's patent infringement suits is a customer of Plaintiff C&C, J.C. Penney Company, in West v. J.C. Penney Corporation, Inc. et al, Civil Action 6:08-cv-00212-LED, filed May 29, 2008 and currently pending in the U.S. District Court for the Eastern District of Texas ("PENNEY SUIT").

COMPLAINT -2-

8. Among the products accused of infringement by WEST in the PENNEY SUIT are tungsten carbide rings imported by C&C and sold to J.C. Penney, who in turn merely sells the rings at the retail level. Apparently for tactical reasons, WEST chose to sue the retailer (Penney) rather than the importer (C&C).

9. Accordingly a case or controversy exists between Plaintiff C&C and Defendant WEST as to whether tungsten carbide rings imported and sold by C&C infringe any valid claim of any of the WEST PATENTS.

## Count I
### Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 6,062,045

10. The allegations of paragraphs 1 through 9 are repeated and re-alleged as if set forth in full.

11. Upon information and belief, no tungsten carbide jewelry ring imported into the United States and sold by C&C infringes any valid claim of U.S. Patent No. 6,062,045 ("the '645 Patent") under any section of 35 U.S.C. § 271.

12. Upon information and belief, the '045 Patent is invalid for failure to comply with 35 U.S.C. §§ 102, 103, or 112.

13. Upon information and belief, the '045 Patent is unenforceable because WEST committed inequitable conduct before the United States Patent and Trademark Office ("USPTO") by intentionally, and with intent to deceive, failing to cite prior art known to WEST to be material to the patent application leading to the '045 Patent. Such prior art includes, without limitation, patents owned by Montres RADO SA disclosing jewelry formed of tungsten carbide.

## Count II
### Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 6,553,667

14. The allegations of paragraphs 1 through 13 are repeated and re-alleged as if set forth in full.

COMPLAINT                                   -3-

15. Upon information and belief, no tungsten carbide jewelry ring imported into the United States and sold by C&C infringes any valid claim of U.S. Patent No. 6,553,667 ("the '667 Patent") under any section of 35 U.S.C. § 271.

16. Upon information and belief, the '667 Patent is invalid for failure to comply with 35 U.S.C. §§ 102, 103, or 112.

17. Upon information and belief, the '667 Patent is unenforceable because WEST committed inequitable conduct before the USPTO by intentionally, and with intent to deceive, failing to cite prior art known to WEST to be material to the patent application leading to the '667 Patent. Such prior art includes, without limitation, patents owned by Montres RADO SA disclosing jewelry formed of tungsten carbide.

## Count III
### Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 6,928,734

18. The allegations of paragraphs 1 through 17 are repeated and re-alleged as if set forth in full.

19. Upon information and belief, no tungsten carbide jewelry ring imported into the United States and sold by C&C infringes any valid claim of U.S. Patent No. 6,928,734 ("the '734 Patent") under any section of 35 U.S.C. § 271.

20. Upon information and belief, the '734 Patent is invalid for failure to comply with 35 U.S.C. §§ 102, 103, or 112.

21. Upon information and belief, the '734 Patent is unenforceable because WEST committed inequitable conduct before the USPTO by intentionally, and with intent to deceive, failing to cite prior art known to WEST to be material to the patent application leading to the '734 Patent. Such prior art includes, without limitation, patents owned by Montres RADO SA disclosing jewelry formed of tungsten carbide. Additionally, WEST committed inequitable conduct before the

COMPLAINT                                   -4-

USPTO by intentionally, and with intent to deceive, by withholding the identity of his co-inventor, Dr. Edwin McKinnon and by claiming himself as the sole inventor, when in fact, Dr. McKinnon invented the formula for the rings.

### Count IV
### Non-Infringement, Invalidity, and Unenforceability
### of U.S. Patent No. 6,990,736

22. The allegations of paragraphs 1 through 21 are repeated and re-alleged as if set forth in full.

23. Upon information and belief, no tungsten carbide jewelry ring imported into the United States and sold by C&C infringes any valid claim of U.S. Patent No. 6,990,736 ("the '736 Patent") under any section of 35 U.S.C. § 271.

24. Upon information and belief, the '736 Patent is invalid for failure to comply with 35 U.S.C. §§ 102, 103, or 112.

25. Upon information and belief, the '736 Patent is unenforceable because WEST committed inequitable conduct before the USPTO by intentionally, and with intent to deceive, failing to cite prior art known to WEST to be material to the patent application leading to the '736 Patent. Such prior art includes, without limitation, patents owned by Montres RADO SA disclosing jewelry formed of tungsten carbide. Additionally, WEST committed inequitable conduct before the USPTO by intentionally, and with intent to deceive, by withholding the identity of his co-inventor, Dr. Edwin McKinnon and by claiming himself as the sole inventor, when in fact, Dr. McKinnon invented the formula for the rings.

### Count V
### Non-Infringement, Invalidity, and Unenforceability
### of U.S. Patent No. 6,993,842

26. The allegations of paragraphs 1 through 25 are repeated and re-alleged as if set forth in full.

COMPLAINT                    -5-

27. Upon information and belief, no tungsten carbide jewelry ring imported into the United States and sold by C&C infringes any valid claim of U.S. Patent No. 6,993,842 ("the '842 Patent") under any section of 35 U.S.C. § 271.

28. Upon information and belief, the '842 Patent is invalid for failure to comply with 35 U.S.C. §§ 102, 103, or 112.

29. Upon information and belief, the '842 Patent is unenforceable because WEST committed inequitable conduct before the USPTO by intentionally, and with intent to deceive, failing to cite prior art known to WEST to be material to the patent application leading to the '842 Patent. Such prior art includes, without limitation, patents owned by Montres RADO SA disclosing jewelry formed of tungsten carbide. Additionally, WEST committed inequitable conduct before the USPTO by intentionally, and with intent to deceive, by withholding the identity of his co-inventor, Dr. Edwin McKinnon and by claiming himself as the sole inventor, when in fact, Dr. McKinnon invented the formula for the rings.

## Count VI
### Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 7,032,314

30. The allegations of paragraphs 1 through 29 are repeated and re-alleged as if set forth in full.

31. Upon information and belief, no tungsten carbide jewelry ring imported into the United States and sold by C&C infringes any valid claim of U.S. Patent No. 7,032,314 ("the '314 Patent") under any section of 35 U.S.C. § 271.

32. Upon information and belief, the '314 Patent is invalid for failure to comply with 35 U.S.C. §§ 102, 103, or 112.

33. Upon information and belief, the '314 Patent is unenforceable because WEST committed inequitable conduct before the USPTO by intentionally, and with intent to deceive, failing to cite prior art known to WEST to be material to the

COMPLAINT                    -6-

patent application leading to the '314 Patent. Such prior art includes, without limitation, patents owned by Montres RADO SA disclosing jewelry formed of tungsten carbide. Additionally, WEST committed inequitable conduct before the USPTO by intentionally, and with intent to deceive, by withholding the identity of his co-inventor, Dr. Edwin McKinnon and by claiming himself as the sole inventor, when in fact, Dr. McKinnon invented the formula for the rings.

## Count VII
### Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 7,076,972

34. The allegations of paragraphs 1 through 33 are repeated and re-alleged as if set forth in full.

35. Upon information and belief, no tungsten carbide jewelry ring imported into the United States and sold by C&C infringes any valid claim of U.S. Patent No. 7,076,972 ("the '972 Patent") under any section of 35 U.S.C. § 271.

36. Upon information and belief, the '972 Patent is invalid for failure to comply with 35 U.S.C. §§ 102, 103, or 112.

37. Upon information and belief, the '972 Patent is unenforceable because WEST committed inequitable conduct before the USPTO by intentionally, and with intent to deceive, failing to cite prior art known to WEST to be material to the patent application leading to the '972 Patent. Such prior art includes, without limitation, patents owned by Montres RADO SA disclosing jewelry formed of tungsten carbide. Additionally, WEST committed inequitable conduct before the USPTO by intentionally, and with intent to deceive, by withholding the identity of his co-inventor, Dr. Edwin McKinnon and by claiming himself as the sole inventor, when in fact, Dr. McKinnon invented the formula for the rings.

## Count VIII
### Tortious Interference With Prospective and Existing Business Relationships

COMPLAINT                                    -7-

38. The allegations of paragraphs 1 through 37 are repeated and re-alleged as if set forth in full.

39. In connection with the patent-infringement lawsuits mentioned above, Defendant WEST has engaged in a publicity campaign to publicize the lawsuits, the allegations of infringement, and the ownership of the WEST PATENTS.

40. This publicity campaign is intended by WEST to constitute, and is interpreted by jewelry market participants as, a threat by WEST of legal action in the event the market participants sells any jewelry rings formed of tungsten carbide.

41. WEST knows or should know that *any* or *all* tungsten carbide rings do not infringe the claims of the WEST PATENTS.

42. WEST knows or should know that there are substantial questions regarding the validity of the claims of the WEST PATENTS because these validity challenges currently are being litigated against WEST.

43. The foregoing acts of publicity are overbroad, not commensurate with the scope of the claims of the WEST PATENTS, and are intended to and in fact create unjustified fear, uncertainty, and doubt among jewelry market participants, and are calculated to drive potential and existing business in jewelry to WEST and his licensee, Frederick Goldman, Inc.

44. These actions have damaged C&C.

45. All of the foregoing constitutes tortious interference with business relations in violation of state law.

### Count IX
### Unfair Competition

46. The allegations of paragraphs 1 through 45 are repeated and re-alleged as if set forth in full.

COMPLAINT                                -8-

47. The actions complained of in paragraphs 38 through 44 also constitute unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1051 et seq. and under state law.

48. These actions have damaged C&C.

## DEMAND FOR JURY TRIAL

49. Plaintiff C&C demands trial by jury on all issues so triable.

**WHEREFORE,** in view of the foregoing, Plaintiff C&C Jewelry, Inc. seeks judgment from this Court that:

1) C&C does not infringe any claim of the WEST PATENTS;

2) The WEST PATENTS are invalid;

3) The WEST PATENTS are unenforceable;

4) That WEST's conduct constitutes tortious interference with business relations and awarding damages resulting therefrom;

5) That WEST's conduct constitutes unfair competition and awarding damages resulting therefrom;

6) this is an exceptional case within the meaning of 35 U.S.C. § 285; and

/////
/////
/////
/////
/////
/////

COMPLAINT                                -9-

7) awarding C&C its costs and attorney's fees and other such relief, at law and at equity, to which C&C may show itself to be entitled.

Respectfully submitted,

TROJAN LAW OFFICES

by

Dated: March 24, 2009

R. Joseph Trojan
Attorney for Plaintiff,
C&C JEWELRY MFG., INC.

COMPLAINT                                    -10-