1   Edward Vincent King, Jr. (SBN 085726)          ***ORDER E-FILED 10-19-2009***
    Alvin B. Lindsay (SBN 220236)
2   KING & KELLEHER, LLP
    Four Embarcadero Center, 17th Floor
3   San Francisco, CA  94111
    Telephone:  (415) 781-2888
4   Facsimile:  (415) 781-3011

5   *Attorneys for Defendant*
    *TRENT WEST*

6

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  C&C JEWELRY MFG., INC.,                      Case No. 3:09-cv-01303-JF(HRL)

              Plaintiff,                         **[PROPOSED] STIPULATED**
12                                               **PROTECTIVE ORDER**

13          v.

14  TRENT WEST,                                  **(MODIFIED BY THE COURT)**

              Defendant.
15  _____

16  And Related Counterclaims

17

18          For the purposes of pending litigation and to facilitate discovery between Plaintiff C&C

19  Jewelry Mfg., Inc. (C&C) and Defendant Trent West ("West"), in Case No. 3:09-cv-01303-

20  JF(HRL), and specifically to facilitate the discovery of any trade secrets, confidential research,

21  development or commercial information or any otherwise sensitive business or technical

22  information, the parties believe that such information should be produced under a protective

23  order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  The parties agree that this

24  Stipulated Protective Order is necessary in order to balance the need for confidentiality in

25  litigation with the right of public access to judicial records.

26          The parties acknowledge that this Stipulated Protective Order does not confer blanket

27  protections on all disclosures or responses to discovery and that the protection it affords extends

28  only to the limited information or items that are entitled under the applicable legal principles to

1    treatment as confidential. The parties further acknowledge, as set forth in paragraph 8 below,

2    that this Stipulated Protective Order creates no entitlement to file confidential information under

3    seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the

4    standards that will be applied when a party seeks permission from the court to file material under

5    seal.

6          Therefore, the undersigned parties through their attorneys hereby stipulate to, and

7    petition the Court to enter, the following Stipulated Protective Order containing the following

8    terms pertaining to the obligations of confidentiality regarding information that will be disclosed

9    during discovery.

10          The Court, finding that the agreement of the undersigned parties is proper and desirable

11   in the circumstances of this case, and good cause appearing therefor, pursuant to Rule 26(c) of

12   the Federal Rules of Civil Procedure determines that for the benefit of all parties and witnesses

13   to govern the course of the proceedings in this case

14   **IT IS HEREBY ORDERED THAT:**

15                              <u>**DEFINITIONS**</u>

16   1.    The following definitions shall apply to this Stipulated Protective Order (hereinafter

17   "Order"):

18         (a)    **"Party"** or **"Parties"** shall mean and refer to any party to this litigation,

19   including the Plaintiff or C&C, and any cross-complainant or cross-defendant, in the above

20   captioned action.

21         (b)    **"Confidential Information"** shall mean and refer to any information,

22   documents, testimony, things or other forms of data which are disclosed pursuant to discovery or

23   in some other proceeding in this litigation and which a party or a non-party witness claims to be

24   its trade secret or confidential research, development, financial or commercial information, or

25   otherwise is claimed to be non-public, confidential or proprietary business or technical

26   information within the meaning of Fed. R. Civ. P. 26(c) by the designating party.  Such

27   information must be designated "Confidential" in good faith by the party or non-party disclosing

28   such information, whether such designation be oral at a hearing or deposition, or in writing, and

1  whether such disclosure be voluntary or otherwise made.  The designation made by a party or

2  non-party shall be a certification to the Court and to the other parties that such information is

3  believed to be Confidential within the meaning of this Order.  All involved in making such

4  designation shall act in good faith, and such designation shall not be made to impose burden or

5  delay on an opposing party, for tactical or other advantage in litigation, or in order to avoid

6  embarrassment.  Information designated as "Confidential" in accordance with this provision shall

7  be treated as Confidential Information until it ceases to be covered by this Order.

8      (c)      Unless otherwise ordered by the Court, **"Qualified Person(s) for receiving**

9  **Confidential Information"** shall mean and refer to:

10          (i)      Presently retained "counsel" for any party to this litigation, specifically

11                  the attorneys of King & Kelleher, LLP for West and the attorneys of Durie

12                  Tangri LLP.  "Counsel" shall include the employees and staff of counsel,

13                  including paralegals, stenographic, secretarial or clerical employees,

14                  translators, and employees of an independent photocopying, microfilming,

15                  or similar service utilized by such counsel for any party in this action.

16                  Subsequently retained "Counsel" may by added by any party provided the

17                  other parties are provided with written notice that such counsel has been

18                  retained and the other parties have been provided with newly retained

19                  counsel's qualification to receive Confidential Information pursuant to

20                  order of the Court or the provisions of paragraphs 5 and 6 below.   None

21                  of the parties retain in-house counsel, so "counsel" shall not include in-

22                  house counsel unless such counsel is added by a party and the other

23                  parties are provided with written notice that such counsel has been

24                  retained and agrees to abide by the terms of this Order;

25          (ii)      Employees of the Court or other forum involved in any way in the action,

26                  including stenographic reporters engaged in such proceedings as are

27                  necessarily incident to the preparation for trial and/or the trial of this

28                  action and the conduct of discovery;

-3-

(iii)    Mr. Trent West, as an individual party and one (1) additional officer, director, or other employee of Trent West or his corporate entities, and two (2) officers, directors, or other employees of each of the named party C&C who have been charged with responsibility for making business decisions on behalf of the party and dealing directly with the litigation of this action, provided these identified individuals have executed a Written Assurance statement and been qualified in accordance with the provisions of paragraphs 5 and 6 below and agree to abide by the terms of this Order. West and C&C agree that the parties' counsels will work together in good faith and will stipulate to permitting additional individuals access to Confidential Information as may be reasonably required, provided these identified individuals have executed a Written Assurance statement and have been qualified in accordance with the provisions of paragraphs 5 and 6 below and agree to abide by the terms of this Order;

(iv)    The deponent, party employee or other witness who authored, received, or saw a document or thing designated as "Confidential" or who is otherwise familiar with the Confidential Information, but only to the extent of the person's familiarity with the Confidential Information (provided that such person is not already a Qualified Person by virtue of some other provision of this Order);

(v)    Independent/Outside Experts and Consultants retained for the purpose of pretrial discovery, preparation for trial, or trial of the action, or who have been otherwise requested by Counsel to furnish technical or expert services or to give testimony with respect to the subject matter for the trial of this action, as may hereafter be qualified to receive Confidential Information pursuant to order of the Court or the provisions of paragraphs 5 and 6 below;

-4-

(vi)   Such other individuals as the parties may stipulate and agree to, provided such individuals have been qualified in accordance with the provisions of paragraphs 5 and 6 below.

(d)   **"Confidential for Attorney's Eyes Only Information,"** which may also be designated as **"Attorney's Eyes Only Information"** or **"Outside Counsel's Eyes Only Information**," shall mean and refer to information and data which constitutes confidential business or technical information which is considered in good faith by a disclosing party or non-party to be highly sensitive.  This designation shall be made as sparingly as possible and shall be a certification to the Court and the other parties that such information is believed subject to this more restrictive classification within the meaning of this Order.  All documents or information designated "Confidential for Attorney's Eyes Only," or "Attorneys' Eyes Only" or "Outside Counsel's Eyes Only" (which are considered one and the same in this Protective Order) are included within the meaning of "Confidential Information" as used in this Order and, except as otherwise provided herein, all provisions set forth in this Order applicable to "Confidential Information" also apply to documents or information designated "Confidential for Attorney's Eyes Only."   Likewise, all provisions set forth in this Order applicable to Qualified Persons for receiving Confidential Information also apply to those persons designated as "Qualified Persons for Receiving Confidential for Attorney's Eyes Only Information," except that "Confidential for Attorney's Eyes Only" documents and information shall not be shown, disclosed, or communicated by the receiving party in any way to anyone other than those persons specifically described in paragraph 1(e) below.  All involved in making this designation shall act in good faith in doing so, and information designated as "Confidential for Attorney's Eyes Only" in accordance with this provision shall be treated as such until it ceases to be covered by this Order or is lowered to a less restrictive classification.

(e)   Unless otherwise ordered by the Court, **"Qualified Person(s) for Receiving Confidential for Attorney's Eyes Only Information"** or **"Outside Counsel's Eyes Only Information"** shall mean and refer to:

(i)        Presently retained "counsel" for any party to this litigation, specifically the attorneys of King & Kelleher, LLP for West and the attorneys of Durie Tangri LLP.  "Counsel" shall include the employees and staff of counsel, including paralegals, stenographic, secretarial or clerical employees, translators, and employees of an independent photocopying, microfilming, or similar service utilized by such counsel for any party in this action. Subsequently retained "Counsel" may by added by any party provided the other parties are provided with written notice that such counsel has been retained and the other parties have been provided with newly retained counsel's qualification to receive Confidential Information pursuant to order of the Court or the provisions of paragraphs 5 and 6 below. "Counsel" for the purposes of this provision, notwithstanding any other provisions under this Protective Order, shall not include in-house counsel for C&C or Trent West, or Trent West himself;

(ii)      Employees of the Court or other forum involved in any way in the action, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or the trial of this action and the conduct of discovery;

(iii)     The deponent, party employee or other witness who authored, received, or saw a document or thing designated as "Confidential for Attorney's Eyes Only" or who is otherwise familiar with the Confidential for Attorney's Eyes Only Information, but only to the extent of the person's familiarity with such information (provided that such person is not already a Qualified Person by virtue of some other provision of this Order); and

(iv)     Independent Experts and Consultants retained for the purpose of pretrial discovery, preparation, and trial of the action as may hereafter be qualified to receive Confidential Information pursuant to order of the Court or the provisions of paragraphs 5 and 6 below;

(f)    **Confidential Information** and **Confidential for Attorney's Eyes Only Information shall not include** any information or materials which:

(i)    for the purposes of Confidential for Attorney's Eyes Only Information, are lawfully in the possession of the party receiving them such as, for example, materials in the receiving party's possession prior to being designated Confidential Information in this litigation or received through communications other than production or disclosure in this action, such as, for example, materials received in the course of legitimate business dealings between the parties or between one of the parties and a third party, unless those documents are covered by a separate non-disclosure or confidentiality agreement or order, in which case the receiving party may continue to use such documents in the course of business subject to those agreements or orders;

(ii)    have been or become part of the public domain by publication or otherwise, which is not due to any unauthorized act or omission on the part of the receiving party; or

(iii)    have been or are lawfully obtained by the receiving party from a person or entity lawfully possessing and having the right to disclose such materials to the public.

(g)    "**Action**" shall mean this legal proceeding, Case No. 3:09-cv-01303-JF(HRL).

(h)    "**Disclosing, Designating or Producing Party**" shall mean the party or a third party producing Confidential or Confidential for Attorney's Eyes Only Information designated under the provisions of this Order or who designates a Qualified Person for receiving Confidential or Confidential for Attorney's Eyes Only Information under the provisions of this Order.

(i)    "**Receiving Party**" shall mean the party or a third party who receives Confidential or Confidential for Attorney's Eyes Only Information designated under the provisions of this Order by a disclosing, designating or producing party.

1    (j)    "**Objecting Party**" shall mean the party or a third party who objects to

2  designation of Confidential or Confidential for Attorney's Eyes Only Information by a

3  disclosing, designating or producing party under this Order or who objects to the designation of a

4  Qualified Person for Receiving Confidential or Confidential for Attorney's Eyes Only

5  Information under the provisions of this Order by a designating party.

6  **STIPULATION AND ORDER**

7    2.    <u>Prerequisites for Receiving Information</u>: Prior to receiving Confidential

8  Information or Confidential for Attorney's Eyes Only Information, all Qualified Persons, except

9  those designated in paragraphs 1(c)(i), (ii) and (iv) and 1(e)(i), (ii) and (iii),  shall sign a Written

10  Assurance Statement, in substantially the form set forth in paragraph 5(f) below, indicating that

11  the person has read this Order and agrees to abide by its provisions.  Copies of such signed

12  Written Assurance statements shall be promptly provided to the other parties, as set forth in

13  paragraph 5 below, along with a written request asking that such person be designated as the

14  appropriate "Qualified Person" for the purposes of receiving Confidential or Confidential for

15  Attorney's Eyes Only Information and informing the other parties of the persons name, present

16  employer and the persons title, position and employment duties.  In the case of an expert or

17  consultant which a party intends to employ for rendering an expert report or testimony, or

18  otherwise providing professional, scientific or other litigation related advice and consultation, a

19  copy of the expert or consultant's resume shall also be provided to the other parties, or, in lieu

20  thereof, a description of the person's experience and education which is pertinent to his or her

21  anticipated testimony.

22    3.    <u>Designation</u>:  Confidential Information and Confidential for Attorney's Eyes

23  Information shall be used only in connection with discovery and proceedings in this action, and

24  any appeals therefrom, and may be disclosed only to an appropriate Qualified Persons for

25  receiving Confidential or Confidential for Attorney's Eyes Only Information as set forth in

26  paragraphs 1(c) and 1(e) above.  Any document or thing designated as "Confidential

27  Information", or "Confidential for Attorney's Eyes Only Information," as well as the material

28  and/or data contained therein, shall remain confidential in accordance with the protections

afforded by this Stipulated Protective Order and shall not be revealed or used, other than as set forth herein, for any other purpose whatsoever.

(a)     A party or non-party may designate information produced as "Confidential" by any of the following methods:

(i)     For information set forth in any documents or copies of documents produced to the discovering party voluntarily as a part of mandatory and ongoing disclosures or under Fed. R. Civ. P. 26, 33(d) or 34, by writing or stamping the word "Confidential" in plain view on the documents which allegedly contain such information, and whenever possible, by also providing a notice in writing to the discovering party that identifies, by Bates number, the pages that are designated "Confidential";

(ii)    Where a document or response consists of more than one page, each page containing "Confidential" information shall be so designated.  In the alternative, the entire document may be designated as "Confidential" by writing or stamping the word "Confidential" in plain view on the cover page or first page of the document and by annotating that the remaining pages are "Confidential;"

(iii)   As to testimony taken on behalf of any party or non-party hereto which involves disclosure of Confidential Information, such testimony may be designated as "Confidential" if counsel for the witness states on the record that it is "Confidential" at that time such testimony is given or immediately thereafter, and/or as otherwise specified in the procedure set forth in paragraphs 9 and 10 below;

(iv)    If only a portion of a document or portions of the material on a page qualifies for protection, the producing party must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted;

(v)     Confidential Information revealed by inspection of things or premises

-9-

1    voluntarily or under Fed. R. Civ. P. 34 shall be designated as

2    "Confidential" provided that, prior to the inspection, the party permitting

3    inspection states in writing that its Confidential Information will be

4    disclosed by the inspection and specifies in writing those parts of the

5    things or those areas of the premises in which its Confidential Information

6    will be revealed; and

7    (vi)    If the item produced is a tangible object, that tangible object may be

8    designated as "Confidential" by affixing to the object or its container a

9    label or tag indicating the object is "Confidential."

10   (b)    A party or non-party may designate information produced as "Confidential for

11   Attorney's Eyes Only" by the same methods as set forth above in paragraph 3 (a) or elsewhere in

12   paragraph 3, except that the "Confidential" designation shall be replaced with a "Confidential for

13   Attorney's Eyes Only" designation in the same manner as required thereunder.

14   (c)    Each party or non-party that designates information or items for protection under

15   this Order must take care to limit any such designation to specific material that qualifies under

16   the appropriate standards. A designating party must take care to designate for protection only

17   those parts of material, documents, items, or oral or written communications that qualify – so

18   that other portions of the material, documents, items, or communications for which protection is

19   not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate,

20   or routinized designations are prohibited.  Designations that are shown to be clearly unjustified,

21   or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the

22   case development process, or to impose unnecessary expenses and burdens on other parties),

23   expose the designating party to sanctions.

24   (d)    A party or non-party that makes original documents or materials available for

25   inspection  voluntarily or under Fed. R. Civ. P. 33(d) or 34 need not designate them for

26   protection until after the inspecting party has indicated which material it would like copied and

27   produced.  During the inspection and before the designation, all of the material made available

28   for inspection shall be deemed "Confidential."  After the inspecting party has identified the

documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the producing party must affix the appropriate "Confidential" or "Confidential for Attorney's Eyes Only" at the top of each page that contains designated material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

4.    General Limitations on Disclosure:  The substance or content of Confidential Information, as well as all documents or things containing such substance and content, shall not be transferred or disclosed to anyone other than a Qualified Person and to the parties hereof, except, however, that information also designated as "Confidential for Attorney's Eyes Only Information," and the substance thereof, shall not be disclosed to, or discussed with anyone except the Qualified Persons for Receiving Confidential for Attorney's Eyes Only Information as specified in paragraph 1(e)(i)-(iv) above.  This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this action from conveying, in a general way, to any party client his or her evaluation of "Confidential" or "Confidential for Attorney's Eyes Only" information produced or exchanged herein, provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the contents or the factual bases of any "Confidential" or "Confidential for Attorney's Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Order.

5.    Disclosure and Written Assurance Statements, and Objections to Designation of Qualified Persons:  If a party wishes to propose the designation of any "Qualified Person(s)" as described in paragraph 1(c)(iii), and (v)-(vi) or paragraph 1(e)(iv), the designating party must send a Written Assurance Statement, as described in paragraph 5(f), and a written request, as specified in paragraph 2, to the other parties via facsimile and first class mail or by other means agreed to by the parties.  Proposed experts and consultants must also provide a current Curriculum Vitae and a list of cases for which the expert has been a consulting or testifying

1    witness.  A receiving party may then object to the qualification of such a proposed designated

2    person in accordance with the following provisions and procedures:

3           (a)      Within five (5) business days after receiving a Written Assurance as described in

4    paragraph 5(f), a party may object to the qualifications of the person to opposing counsel of

5    record in writing via facsimile and first-class mail, or by other means agreed to by the parties,

6    and no such objections shall be made unless in good faith and upon reasonable cause for

7    concern;

8           (b)      Even if no objections are made to the designation of such person, no disclosure of

9    Confidential or Confidential for Attorney's Eyes Only designated information shall be made to

10   the person prior to five (5) business days after the Written Assurance is received by counsel for

11   all parties unless waiver of this provision is provided by writing including e-mail;

12          (c)      No disclosure of designated items shall be made to an objected to person until the

13   opposing parties consent or until the Court rules against the objecting party on an appropriate

14   motion;

15          (d)      The parties shall attempt in good faith to resolve the issues relating to the

16   objection to the designation before involving the Court;

17          (e)      If no resolution is reached between the parties, the designating party shall have

18   ten (10) business days from receiving the written objection from the objecting party to move the

19   Court for an appropriate order and if it fails to do so, shall not be permitted thereafter to

20   designate the person as a "Qualified Person" as described in paragraph 1(c)(iii), and (v)-(vi) or

21   paragraph 1(e)(iv); and

22          (f)      A signed and dated Written Assurance statement shall be provided for all persons

23   a designating party desires to be qualify under paragraphs 1(c)(iii) and (v)-(vi) and 1(e)(iv) in

24   substantially the following form:

25           "I hereby acknowledge that I, [name], certify my understanding that any information

26   provided to me is subject to the terms and conditions of the Stipulated Protective Order in Case

27   No. 3:09-cv-01303-JF(HRL), pending in the United States District Court for the Northern

28   District of California.  Having been given a copy of this Stipulated Protective Order, and having

read and understood its contents, I hereby expressly agree to be bound by the terms and provisions thereof.  I will hold in confidence any Confidential Information or Confidential for Attorney's Eyes Only Information which is disclosed to me and will use it only for purposes set forth in the Stipulated Protective Order, and will not disclose such information to anyone not qualified thereunder.

My present address is [address].  My present phone number is [phone number].  My present employer is [employer], where I am a [employment position].

As a proposed or retained expert or consultant, I understand that I am to retain all copies of any of the materials I receive, which have been so designated as Confidential or Confidential for Attorney's Eyes Only Information, in a container, drawer, cabinet, room, or other safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, at which time I will return or destroy the copies as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Order.

I hereby submit to the jurisdiction of this Court in this action solely for the purpose of enforcement of this Stipulation and Protective Order."

6.    <u>Objecting to the Designation of Confidential Information</u>:  Objection by any party or non-party to the designation of information by another party or non-party as "Confidential" or "Confidential for Attorney's Eyes Only"  (hereinafter referred to collectively as "Confidential Information" unless otherwise designated) shall be set forth and resolved as follows:

(a)    If any party objects to the designation of Confidential Information produced and so designated by designating/producing party, the objecting party will serve a written objection upon the designating/producing party setting forth its reason for objection.

(b)    The designating/producing party shall then notify the objecting party in writing of the factual and legal bases for the asserted designation within five (5) business days after receiving such written objection from the objecting party.

(c)    The parties shall then confer in good faith in an effort to informally resolve the

1   validity of the designating/producing party's designation within ten (10) business days after the

2   objecting party has received the producing party's notice of the bases for the asserted

3   designation.   Counsel for either party can grant an extension of time for this conference period

4   as mutually agreed upon by counsel for the parties to continue to attempt to resolve the

5   objection.

6       (d)      If the dispute is not so resolved, the designating/producing party as the party

7   designating Confidential Information shall make an application to the Court by motion under

8   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) to resolve the

9   dispute within ten (10) business days after conferring without resolution with the objecting party.

10  The designating/producing party desiring to designate Confidential Information shall have the

11  burden of establishing the confidentiality or sensitivity of the designated material with the Court.

12      (e)      Only upon agreement by the Court with the designating/producing party seeking

13  to designate Confidential Information and the issuance of an Order from the Court so notifying

14  the parties of its decision shall the Confidential Information then be appropriately designated as

15  "Confidential" or "Confidential for Attorney's Eyes Only."

16      (f)      The material produced and in dispute shall in all respects be treated as the

17  appropriately designated Confidential Information from the time of original designation until the

18  Court has determined the issue of the objecting party's objection to the designation.

19      7.      Protection of Confidential Information:  Qualified Persons under this Order shall

20  take reasonable precautions with regard to storage, custody and use of designated items to

21  prevent the unauthorized or inadvertent disclosure of any protected information.  In so doing,

22  such Qualified Persons shall maintain such information in a secure and safe place, and shall

23  exercise at least the same degree of care in handling the Confidential Information as is exercised

24  by the recipient with respect to its own confidential information of a similar nature, but in no

25  event less than due care.  Each designated individual identified as a Qualified Person for

26  receiving any Confidential Information produced in this action hereby agrees to be subject to the

27  jurisdiction of this Court solely for the purposes of the implementation and enforcement of this

28  Order.

-14-

8.   <u>Filing in the Public Record Confidential Information</u>:  Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any information that has been properly designated and accepted as Confidential Information or Confidential for Attorney's Eye's Only Information. When briefs, memoranda or other documents or things containing Confidential Information or Confidential for Attorney's Eyes Only Information are filed with the Court, the party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5 "Filing Documents Under Seal," which is set forth in its entirety below without Commentary:

(a)   <u>Specific Court Order Required</u>. No document may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c). A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal. Ordinarily, more than one copy of a particular document should not be submitted for filing under seal in a case.

(b)   <u>Request to File Entire Document Under Seal</u>. Counsel seeking to file an entire document under seal must:

(1)   File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the entire document is sealable;

(2)   Lodge with the Clerk and serve a proposed order sealing the document;

(3)   Lodge with the Clerk and serve the entire document, contained in an 8 ½- inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil

1   L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT

2   SUBMITTED UNDER SEAL";

3   (4)   Lodge with the Clerk for delivery to the Judge's chambers a second copy of the

4   entire document, in an identical labeled envelope or container.

5   (c)   <u>Request to File a Portion of a Document Under Seal.</u> If only a portion of a

6   document is sealable, counsel seeking to file that portion of the document under seal must:

7   (1)   File and serve an Administrative Motion to File Under Seal, in conformance with

8   Civil L.R. 7-11, accompanied by a declaration establishing that a portion of the

9   document is sealable;

10   (2)   Lodge with the Clerk and serve a proposed order that is narrowly tailored

11   to seal only the portion of the document which is claimed to be sealable;

12   (3)   Lodge with the Clerk and serve the entire document, contained in an 8 ½-

13   inch by 11-inch sealed envelope or other suitable sealed container, with a cover

14   sheet affixed to the envelope or container, setting out the information required by

15   Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT

16   SUBMITTED UNDER SEAL." The sealable portions of the document must be

17   identified by notations or highlighting within the text;

18   (4)   Lodge with the Clerk for delivery to the Judge's chambers a second copy of the

19   entire document, in an identical labeled envelope or container, with the sealable

20   portions identified;

21   (5)   Lodge with the Clerk and serve a redacted version of the document that can be

22   filed in the public record if the Court grants the sealing order.

23   (d)   <u>Filing a Document Designated Confidential by Another Party.</u> If a party wishes to

24   file a document that has been designated confidential by another party pursuant to a protective

25   order, or if a party wishes to refer in a memorandum or other filing to information so designated

26   by another party, the submitting party must file and serve an Administrative Motion for a sealing

27   order and lodge the document, memorandum or other filing in accordance with this rule. If only

28   a portion of the document, memorandum or other filing is sealable, the submitting party must

-16-

also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order. Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

(e)     Request Denied. If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed. The Clerk will notify the submitting party, hold the lodged document for three days for the submitting party to retrieve it, and thereafter, if it is not retrieved, dispose of it. If the request is denied in full, the submitting party may retain the document and not make it part of the record in the case, or, within 3 days, re-submit the document for filing in the public record. If the request is denied in part and granted in part, the party may resubmit the document in a manner that conforms to the Court's order and this rule.

(f)     Effect of Seal. Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case. Any document filed under seal in a civil case shall be open to public inspection without further action by the Court 10 years from the date the case is closed. However, a party that submitted documents that the Court placed under seal in a case may, upon showing good cause at the conclusion of the case, seek an order that would continue the seal until a specific date beyond the 10 years provided by this rule. Nothing in this rule is intended to affect the normal records destruction policy of the United States Courts. The chambers copy of sealed documents will be disposed of in accordance with the assigned Judge's discretion. Ordinarily these copies will be recycled, not shredded, unless special arrangements are made.

9.     Presenting Confidential Information in Proceedings:  Subject to the Court's procedures, when Confidential Information or Confidential for Attorney's Eyes Only Information

is presented, quoted or referenced in any deposition, hearing or other proceeding, counsel for the offering party shall make arrangements to ensure that only permitted Qualified Persons, under paragraphs 1(c) and 1(e), are present during such presentation, quotation or reference.  To designate all or any portion of the testimony Confidential or Confidential for Attorney's Eyes Only, counsel for the witness may enter such a designation on the record and at the time the testimony is given or immediately thereafter.

10. <u>Transcripts and Confidential Information</u>:  Subject to the Court's procedures, when Confidential Information or Confidential for Attorney's Eyes Only Information is incorporated in a transcript of a deposition, hearing, trial or other proceeding, the party asserting that the information or disclosure is Confidential, shall, with the cooperation of all other parties and/or the court reporter, make arrangements to label such portion "Confidential Information" or "Confidential for Attorney's Eyes Only Information", and to separately bind such separate category of information where practicable.  All persons shall be enjoined from disclosing the testimony that has been so designated, except as permitted by this Order.  If a designation of Confidential Information or Confidential Attorney's Eyes Only Information is not made during a deposition, hearing or trial, and a party determines that additional material contained in the transcript should have been so designated, a party may so designate the transcript or parts thereof, within thirty (30) days of the mailing of the transcript, by sending written notice to opposing counsel and the court reporter of the portions of the transcript that set forth that Confidential Information.  Each party so notified must then cause each copy of the information in its custody, possession or control to be appropriately marked and bound where practicable.  Until the thirty (30) day period has expired, all deposition testimony and transcripts shall be treated in their entirety as Confidential Information covered by this Order.  If no such written notice is provided within thirty (30) days of the mailing of the transcript, all previously undesignated portions of the subject transcript will be deemed to be unprotected under this Order.

11. <u>Disclosure by Qualified Persons</u>:  A Qualified Person under this Order may disclose items designated as "Confidential" or "Confidential Attorney's Eyes Only" only to

persons personally known to him/her to be authorized under this Order to receive such items. Information obtained by a party inspecting, measuring, analyzing, testing, using, consulting, or otherwise derived from reviewing any item designated under this Order shall be considered as designated and marked according to the highest level of protection of any item reviewed in obtaining that information.

12. <u>Disclosure to Other Persons Not Qualified Persons</u>:  Disclosure of Confidential or Confidential for Attorney's Eyes Only Information to a person other than a Qualified Person may occur only upon the prior consent of the party who has produced and designated the information as "Confidential" or "Confidential for Attorney's Eyes Only," or upon the information losing its protected status in accordance with the provisions of this Stipulated Protective Order, or upon order of the Court.

13. <u>A Party's Own Information</u>:  Nothing herein shall be deemed to impose any restriction on the use or disclosure by a party of its own documents or information for the purposes of confidentiality under this Protective Order.

14. <u>Duration of Enforceability of This Order and Actions Upon Termination</u>:  This Order is valid throughout the course of this action (defined to include all proceedings herein, appeals and/or remands), and shall survive its termination.  Not later than ninety (90) days after final termination of this action by judgment, order, settlement or otherwise, from which all **(except those submitted to the Court or made part of the Court's records)** appeals have been exhausted, all copies of documents containing Confidential Information shall be returned to the producing party or destroyed.  As an exception to this provision, one archival ^ copy of pleadings, correspondence, work product, discovery responses, depositions, deposition exhibits, Court exhibits and documents included in submissions to the Court may be retained by outside counsel, and one archival set of produced documents may be retained for a period of up to five years from the date of termination by outside counsel for the receiving party for the purpose of any possible future dispute over alleged violation of this Order or over any agreement, decision, decree, order or judgment disposing of all or part of this action.

15. <u>No Waiver of Right to Oppose Production</u>:  Nothing in this Order shall be deemed a waiver of any party's rights to oppose production of any information or documents on

1   the grounds of relevance or materiality, or as an attorney-client privileged communication, or as

2   work product of counsel, or as not reasonably calculated to lead to the discovery of admissible

3   evidence.  If information subject to a claim of attorney-client privilege or work product

4   immunity is nevertheless inadvertently produced, such production shall in no way prejudice or

5   otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product

6   immunity for such information.

7        16.   Inadvertent or Unauthorized Disclosure:  If Confidential Information or

8   Confidential for Attorney's Eyes Only Information is disclosed to anyone other than in a manner

9   authorized by this Order, or a disclosing party inadvertently produces a document or information

10  believed in good faith to be privileged or to contain Confidential or Confidential for Attorney's

11  Eyes Only Information without so designating the document or information , the party

12  responsible for such disclosure ("inadvertent disclosing party") must expeditiously bring all

13  pertinent facts relating to such disclosure to the attention of the other parties including the party

14  that so designated the information, and the inadvertent disclosing party must make every

15  reasonable effort to retrieve such Confidential or Confidential for Attorney's Eyes Only

16  Information or privileged documents or information and to prevent further disclosure.  Upon

17  receiving notification of the inadvertently disclosed Confidential Information or privileged

18  document, all parties will maintain the privileged status or desired confidentiality designation of

19  the designating party for the inadvertently disclosed documents or information pending final

20  resolution any objections or challenges to the confidential or privileged designation by the

21  disclosing party.  The inadvertent disclosing party shall notify the other parties in writing or by

22  making a statement on the record as soon as reasonably possible after the inadvertent or

23  unauthorized disclosure is discovered, and in any event will do so at least within 15 days of

24  discovering the inadvertent disclosure.  Notification of indavertent disclosure within 15 days of

25  discovery shall be presumed to be "expeditiously" for purposes of this paragraph.  Following

26  receipt of such notice, the parties shall return to the inadvertent disclosing party all originals and

27  copies of any document claimed to contain the Confidential Information or to be privileged, and

28  shall thereafter treat it as such pursuant to this Order and, other than documents contended to be

privileged, the inadvertent disclosing party shall again produce each such document, with the appropriate "Confidential" or "Confidential for Attorney's Eyes Only" designation, or other designation as otherwise required by this Order.  For privileged documents or information, the inadvertently producing party that wishes to claim privilege will also serve an amended privilege log adding the inadvertently disclosed information or documents and the required information pertaining thereto to enable the other parties to determine the basis for the claim of privilege. These provisions are subject to the right of any party to seek an order ruling that the document or information is not privileged or to challenge the designation of inadvertently disclosed Confidential Information as set forth in paragraph 6 of this Order, and compliance with the foregoing shall not prevent the inadvertent disclosing party from seeking further relief from the Court.  In the above described instances regarding inadvertent disclosure of privileged information by the designating party, the inadvertent disclosure shall not be deemed a waiver of any proper subsequent designation of privilege for the inadvertently produced information, documents or the subject matter thereof.

17.   No Admission of Confidential Status:  Agreement to this Order is not an expression of consent or admission as to the actual confidentiality of any material.  Should any party desire to challenge the designation of any material or information as "Confidential Information" or "Confidential for Attorney's Eyes Only Information," other than as provided in paragraph 6 above, such party may move the Court for an order changing such designation and/or releasing the material from the provisions of this Order.  The Court, upon notice to the parties and upon a showing of good cause, may at any time order removal of the "Confidential" or "Confidential Attorney's Eyes Only" designation from any materials or information, or otherwise amend this Order.  **(See Addendum to Protective Order).**

18.   Additional Protection and Modifications:  Nothing herein shall affect the right of any party hereto to seek and secure additional protection against the disclosure of Confidential or Confidential for Attorney's Eyes Only Information.  Any party hereto may apply to the Court for a modification of this Order, with respect to Confidential and/or Confidential for Attorney's Eyes Only Information, for termination of classified handling of any particular document, or for any

1   other purpose.

2       19.   <u>Copies of Notices</u>:  In addition to the procedures specifically set forth above, a

3   copy of any notice or written assurance required by this Order shall be mailed to the attorney of

4   record in the action for the person or party to whom such notice is directed.  In the case of notice

5   required to be provided to any person (including a non-party) who has not previously made an

6   appearance in the action, notice may also be provided to the person if copies are also sent to

7   counsel for the parties.

8       20.   <u>Waivers</u>:  Any waiver or consent expressly provided for by this Order which is

9   made in writing or on the record by an attorney of record for any person/party in the action shall

10  be binding upon such person/party.

11      21.   <u>Party Duties as to Qualified Persons</u>:  Any party designating any person as a

12  Qualified Person shall have the duty to reasonably ensure that such person observes the terms of

13  this Order and shall be jointly responsible upon breach of such duty for the failure of any such

14  person to observe the terms of the Order.

15      23.   <u>Information Received from Non-Parties</u>:   Either a party or a nonparty may

16  designate documents produced in connection with this litigation "Confidential" or "Confidential

17  for Attorney's Eyes Only."  The terms of this Order shall be applied to any documents,

18  information and things received by a party or otherwise produced from any person/entity who is

19  not a party to this litigation and which are so designated at the election of such non-party

20  person/entity.  Such information so designated by a non-party will be protected by the remedies

21  and relief provided by this Order and subject to its provisions in the same manner as if

22  designated by a party.

23      24.   <u>Consent to Jurisdiction</u>:  Any litigation with respect to this Order shall be

24  conducted pursuant to the Local Rules of the Northern District of California and subject to the

25  jurisdiction of the Northern District of California.

26      25.   <u>Experts</u>:  A testifying expert's draft reports, notes, outlines, and any other

27  writings leading up to his final report(s) in this case are exempt from discovery. In addition, all

28  communications with, and all materials generated by, a testifying expert with respect to his work

1   on this case are exempt from discovery unless considered by the expert in forming his opinions.

2   The expert must produce his final report and all materials that he considered.

3          26.     Retaining the Court's Jurisdiction:  For a period of six months after the final

4   termination of this action, this Court will retain jurisdiction to enforce the terms of this Order.

5          27.     Other Court Orders:  This Order shall be binding on the parties hereto when

6   signed, and is subject to modification by the Court.  Any further Order entered by the Court in

7   this action will supersede the terms of this Order to the extent it is inconsistent herewith.

8

9   **IT IS SO STIPULATED.**

10

11   DURIE TANGRI LLP                         KING & KELLEHER, LLP

12   By: */s/ Ryan M. Kent*                   By: */s/ Alvin B. Lindsay*
         Ryan M. Kent                              Alvin B. Lindsay

13   Attorneys for Plaintiff C&C Jewelry Mfg., Inc.   Attorneys for Defendant Trent West

14   Date:  October 14, 2009                  Date:  October 14, 2009

15

16            **(AS MODIFIED BY THE COURT)**

17   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
                              ^

18

19   DATED:  October __19__, 2009

20

21                              _____

22                              Honorable Howard R. Lloyd
                                United States Magistrate Judge

23

24

25

26

27

28

# ADDENDUM TO PROTECTIVE ORDER
C&C Jewelry Mfg., Inc. v. West,
Case No. C09-01303 JF (HRL)

IT IS HEREBY ORDERED as follows:

Paragraph 17:

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

1  5:09-cv-01303-JF Notice electronically mailed to:

2  Alvin Brock Lindsay alindsay@kingandkelleher.com

3  Daralyn J. Durie ddurie@durietangri.com, records@durietangri.com

4  Edward Vincent King , Jr evking@kingandkelleher.com, alindsay@kingandkelleher.com, lana@kingandkelleher.com

5

6  Ryan Marshall Kent rkent@durietangri.com, records@durietangri.com

7  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28