**\*E-FILED 10-07-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| C&C JEWELRY MANUFACTURING, INC., | No. C09-01303 JF (HRL) |
| Plaintiff,<br>v. | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF UNREDACTED LICENSES** |
| TRENT WEST, | |
| Defendant. | **[Re: Docket No. 107]** |
| AND RELATED COUNTERCLAIMS | |

Plaintiff C&C Jewelry Manufacturing, Inc. (C&C) filed this action, seeking declaratory judgment of non-infringement, invalidity and unenforceability of several patents. Defendant Trent West counterclaims for alleged infringement of some of those patents.

In discovery, C&C requested the production of all documents relating to the licensing of the patents-in-suit, as well as all documents pertaining to any licenses granted to West by any third party. (*See* Lein Decl., Ex. A, Request Nos. 5 and 6). In response, West produced several license and sublicense agreements with redactions. C&C now moves to compel the production of these agreements in unredacted form.[1] West opposes the motion. The matter is deemed

---

[1] Although C&C's discovery requests are drafted in a way that encompasses various categories of documents, this court does not understand the instant motion to seek anything other the production of unredacted versions of the license agreements West has produced in redacted form.

appropriate for determination without oral argument, and the October 12, 2010 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion.

Defendant argues that the requested discovery is irrelevant and inadmissible. For discovery purposes, however, relevance is construed more broadly for discovery purposes than for trial, and information is discoverable even if it might not itself be admissible. *See* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). This court finds that the requested information falls within Rule 26's broad definition of relevance. *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 583 (N.D. Cal. 2008) ("This court finds that, at a minimum, discovery of licensing/settlement negotiations is reasonably calculated to lead to relevant admissible evidence."); *Sorenson v. Lexar Media, Inc*., No. C08-00095, 2008 WL 5383513 a *2 (N.D. Cal., Dec. 22, 2008) (concluding that agreements and draft agreements were discoverable, for example, to the issue of what value to place on the patents-in-suit and what constitutes a reasonable royalty); *Atmel Corp. v. Authentec, Inc*., No. C06-02138, 2008 WL 276393 *1-2 (N.D. Cal., Jan. 31, 2008) (holding that settlement agreements containing licenses were, at a minimum, relevant to damages). There is a stipulated protective order in place which the court finds sufficient to address concerns as to the disclosure and use of any confidential information. (*See* Docket No. 27).

West nonetheless asserts that the redacted portions of the agreements constitute attorney work product. And, assuming that protection has been waived, West further contends that the requested discovery falls within the "common interest" exception to waiver. The work product doctrine provides qualified protection for materials prepared by a party, or a party's representative, in anticipation of litigation or for trial. FED. R. CIV. P. 26(b)(3)(A). West faults C&C for failing to show that the work product doctrine does not apply. (*See* Opp. at 4). However, that is not C&C's burden. Instead, it is incumbent upon West to show that the doctrine attaches to the discovery in question. West has not made a convincing showing here. Although litigation need not have commenced in order for the work product doctrine to apply,

2

1  "there must be more than a remote possibility of litigation." *Conner Peripherals, Inc. v.*
2  *Western Digital Corp.*, No. C93-20117RMW/EAI, 1993 WL 726815 *4 (N.D. Cal., June 8,
3  1993). "When litigation is a 'mere contingency' at the time the document is prepared, the
4  privilege applies if the prospect of litigation is identifiable because of specific claims that have
5  already arisen." *Id*. "'The test to be applied is 'whether in light of the nature of the documents
6  and the factual situation in this particular case, the document can fairly be said to have been
7  prepared or obtained because of the prospect of litigation.'" *Id*. (quoting *Hercules Inc. v. Exxon
8  Corp.*, 434 F. Supp. 136, 151 (D. Del. 1977)).

9  Here, defendant says that the redacted provisions are attorney work product because
10 they pertain to agreements between West and his licensees as to how future patent litigation
11 would be funded and conducted. There is nothing in the record presented, however, indicating
12 that, at the time the agreements were prepared, future patent litigation was anything more than a
13 mere possibility. Instead, it seems that the provisions in question are terms that commonly are
14 included in license agreements if litigation were ever to occur. Nor is this court convinced that
15 the work product doctrine attaches because the license agreements were prepared in settlement
16 of litigation between West and persons and entities who were then his adversaries.
17 Accordingly, this court concludes that the work product doctrine does not apply.

18 Having concluded that the work product doctrine does not apply, this court need not
19 reach the issues of waiver or application of the "common interest" exception to waiver. *See
20 Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D.Cal.2007) (stating that because
21 the "common interest" doctrine "is an anti-waiver exception, it comes into play only if the
22 communication at issue is privileged in the first instance.").

23 Accordingly, plaintiff's motion to compel is granted. Defendant shall produce to
24 plaintiff unredacted versions of his license and sublicense agreements (previously produced in
25 redacted form) within 14 days from the date of this order.

26 SO ORDERED.
27 Dated:   October 7, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1  5:09-cv-01303-JF Notice has been electronically mailed to:

2  Alvin Brock Lindsay    alindsay@kingandkelleher.com

3  Anthony Patrick Miller    amiller@stormllp.com, sstutsman@stormllp.com, ssutherland@stormllp.com

4  Daralyn J. Durie    ddurie@durietangri.com, records@durietangri.com

5  Edward Vincent King , Jr    evking@kingandkelleher.com, alindsay@kingandkelleher.com, lana@kingandkelleher.com

6  John Gregory Fischer    jfischer@stormllp.com, sstutsman@stormllp.com, ssutherland@stormllp.com

7  Paul Donsy Lein    plein@stormllp.com, sstutsman@stormllp.com, ssutherland@stormllp.com

8  Paul V. Storm    paulstorm@stormllp.com, sstutsman@stormllp.com, ssutherland@stormllp.com

9  Ryan Marshall Kent    rkent@durietangri.com, records@durietangri.com

10  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.