**\*E-FILED 02-28-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| C&C JEWELRY MANUFACTURING, INC., | No. C09-01303 JF (HRL) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS** |
| v. | |
| TRENT WEST, | [Re: Docket No. 116] |
| Defendant. | |

Plaintiff C&C Jewelry Manufacturing, Inc. (C&C) filed this patent action seeking declaratory relief. Defendant Trent West has asserted counterclaims for alleged infringement.

C&C now moves for (1) an order excluding expert depositions from the presumptive 10-deposition limit; and (2) leave to depose nine additional percipient witnesses. West opposes the motion. The matter is deemed appropriate for determination without oral argument, and the March 1, 2011 hearing is vacated. Upon consideration of the moving and responding papers, this court grants the motion.

C&C's request that expert depositions be excluded from the presumptive 10-deposition limit is granted. See Andamiro U.S.A. v. Konami Amusement of America, Inc., No. CV00-8561, 2001 WL 535667 \*2 (C.D. Cal., Apr. 26, 2001) ("'These are not persons whose opinions could be discovered from other sources; therefore, the discovery sought is not duplicative or unreasonably cumulative'") (quoting Express One Int'l, Inc. v. Sochata, No. 3-97CV3121-M,

2001 WL 363073 *3 (N.D. Tex., Mar. 2, 2001)).

As for plaintiff's request for leave to conduct additional depositions, absent leave of court or stipulation of the parties, a party may not take more than ten depositions. FED. R. CIV. P. 30(a)(2)(A)(i). A party seeking leave to take more depositions must make a "particularized showing" why the discovery is necessary. See Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999); see also Authentic, Inc. v. Atrua Technologies, Inc., No. C08-1423PJH, 2008 WL 5120767 * 1 (N.D. Cal., Dec. 4, 2008) ("A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery."). Although the scope of discovery under the Federal Rules is broad, it is not unfettered. A court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. FED. R. CIV. P. 26(b)(2)(C)(i)-(iii).

In this case, C&C has taken five fact[1] depositions:  (1) defendant West; (2) Trent West, Inc. (pursuant to Fed. R. Civ. P. 30(b)(6)); (3) Kenneth Niebauer, reportedly a person with experience in the manufacture of industrial tungsten carbide and the making of tungsten jewelry (i.e., a tie tack); (4) James Heaton, another individual with reported knowledge about tungsten carbide tie tacks; and (5) James Shearer, reportedly a vice president of General Carbide from which defendant purchased unfinished tungsten carbide ring blanks.

All of the witnesses that plaintiff now wants to depose are non-parties—several of whom have voluntarily agreed to be deposed, and some of whom may not be available for trial. C&C says that each witness has experience or knowledge about designs, processes and

---

[1] C&C says that it has also deposed defendant's expert, Marc Kuppersmith, on claim construction matters.

2

1  techniques relevant to its obviousness and non-infringement defenses; patent prosecution
2  history; or to West's claimed inventive steps.  This court is told that several of the depositions
3  have already been scheduled or are in the process of being set.  While some courts require a
4  party to exhaust the 10-deposition limit before seeking to take more, that is certainly not true in
5  every case.  Del Campo v. American Corrective Counseling Servs., Inc., No. C01-21151, 2007
6  WL 3306496 *6 (N.D. Cal., Nov. 6, 2007) ("It would be inefficient to require an additional
7  motion for each additional deposition sought.  Additionally, it would be prejudicial to require
8  Plaintiffs to choose the ten depositions to take before they know whether they will be granted
9  more.").  Moreover, it is not apparent to this court that the testimony sought will be
10 unreasonably cumulative or duplicative.  Having weighed competing legitimate interests against
11 any possible prejudice, this court concludes that additional depositions sought by C&C should
12 be allowed.

13    SO ORDERED.

14 Dated:   February 25, 2011

16    HOWARD R. LLOYD
      UNITED STATES MAGISTRATE JUDGE

5:09-cv-01303-JF Notice has been electronically mailed to:

Daralyn J. Durie    ddurie@durietangri.com, records@durietangri.com

Dirk Van Ausdall    dirk@kingandkelleher.com

Edward Vincent King , Jr    evking@kingandkelleher.com, dvanausdall@kingandkelleher.com, lana@kingandkelleher.com

Eric Charles Wood    eric.wood@solidcounsel.com

John Gregory Fischer    john.fischer@solidcounsel.com, dena.lambert@solidcounsel.com, pamela.house@solidcounsel.com, sstutsman@stormllp.com, ssutherland@stormllp.com, will.hester@solidcounsel.com

Ryan Marshall Kent    rkent@durietangri.com, records@durietangri.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.