**\*E-FILED 02-28-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| C&C JEWELRY MANUFACTURING, INC., | No. C09-01303 JF (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION** |
| v. | |
| TRENT WEST, | |
| Defendant. | [Re: Docket No. 112] |

Plaintiff C&C Jewelry Manufacturing, Inc. (C&C) filed this patent action seeking declaratory relief. Defendant Trent West has asserted counterclaims for alleged infringement.

C&C now moves for an order compelling West to respond to Requests for Admission (RFAs) 1-69. In essence, each RFA asks West to admit that particular design and manufacturing techniques or processes were known in certain fields of art. West has responded to these RFAs only with objections, and he opposes the motion to compel. The matter is deemed suitable for determination without oral argument, and the March 1, 2011 hearing is vacated. Upon consideration of the moving and responding papers, this court grants the motion in part and denies it in part.

Preliminarily, this court finds that C&C has sufficiently complied with Civil Local Rules 7 and 37-2. As such, the court declines to deny the motion on this basis.

A.     <u>Relevance Objections</u>

West objects that the RFAs seek admissions about irrelevant "art." It appears that roughly half of the RFAs at issue ask about what was known in "the tungsten carbide manufacturing industry," and the other half ask about what was known in "the jewelry manufacturing industry." (Miller Decl. Ex A). C&C maintains that it is entitled to discovery of jewelry and non-jewelry applications. Here, plaintiff asserts, and there appears to be no dispute, that the scope and content of the prior art are questions of fact. <u>See generally</u> <u>Monarch Knitting Machinery Corp. v. Sulzer Morat GMBH</u>, 139 F.3d 877, 881 (Fed. Cir. 1998). But, West points out that the court's claim construction order concludes that the relevant art is not metal working or material science, but "jewelry finger rings." (Docket No. 87, July 6, 2010 Order at 4-5).

Accordingly, with respect to RFAs seeking admissions about "the tungsten carbide manufacturing industry" generally, plaintiff's motion to compel is denied.

As for RFAs seeking admissions about "the jewelry manufacturing industry," the RFAs shall be limited to "jewelry finger rings." The remainder of this order concerns only those RFAs.

B.     <u>Legal Conclusion Objections</u>

West objects to C&C's RFAs on the ground that they improperly require him to admit legal conclusions. As noted above, the RFAs essentially ask West to admit that "IT WAS KNOWN" in fields of art about certain design and manufacturing processes. The term "IT WAS KNOWN" is defined in the RFAs to mean:

> that the subject matter of the Request was known or used by DEFENDANT Trent West, known or used by others in the United States or a foreign country, in public use or on sale in the United States, or patented or described in a printed publication in the United States or a foreign country, prior to September 8, 1996, *as these terms are used in 35 U.S.C. §102*.

(Miller Decl., Ex. A at 2) (emphasis added). This definition essentially tracks the statutory language of 35 U.S.C. § 102, which provides that a person shall be entitled to a patent, *unless* among other invalidating events, "the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent." 35 U.S.C. § 102(a). C&C contends that the

2

1  RFAs at issue seek admissions about underlying facts, or at worst, about mixed questions of
2  law and fact.
3        An RFA properly may require the responding party to admit "the truth of any matters
4  within the scope of [Fed. R. Civ. P.] Rule 26(b)(1) relating to facts, the application of law to
5  fact, or opinions about either." FED. R. CIV. P. 36(a)(1)(A). Having considered C&C's RFAs,
6  this court concludes that they reasonably can be construed as asking West to admit the truth of
7  the underlying facts—e.g., whether the subject matter was known or used by others in the
8  United States or a foreign country, in public use or on sale in the United States, or patented or
9  described in a printed publication in the United States or a foreign country, prior to September
10 8, 1996—and not the legal conclusion to be drawn from those facts. Accordingly, plaintiff's
11 motion to compel as to this issue is granted.
12 C.    <u>Objections re Claimed Cumulative and Duplicative RFAs</u>
13       West argues that the RFAs are cumulative and duplicative. However, he asserted no
14 such objection in response to the RFAs, and the objections therefore are waived. <u>See</u> Fed. R.
15 Civ. P. 36(a)(5) ("The grounds for objecting to a request must be stated."). <u>See generally</u>
16 <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is
17 well established that a failure to object to discovery requests within the time required
18 constitutes a waiver of any objection.") (citing <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th
19 Cir. 1981)). Moreover, this court is unpersuaded that the RFAs are unreasonably cumulative
20 or duplicative. As to this issue, plaintiff's motion to compel is granted.
21 D.    <u>"Subjective Perspectives" Objection</u>
22       West objected to a number of RFAs as vague and ambiguous because the requests use
23 terms that "are undefined and their meanings depend on subjective perspectives of individuals
24 which may differ." (Miller Decl., Ex. B, RFAs 1-71). A responding party cannot object to an
25 RFA on the ground that the request is ambiguous, unless the request is so ambiguous that the
26 responding party, in good faith, cannot provide a response. <u>See</u> <u>Marchand v. Mercy Medical</u>
27 <u>Ctr</u>., 22 F.3d 933, 938 (9th Cir. 1994) (a responding party "should admit to the fullest extent
28 possible, and explain in detail why other portions of a request may not be admitted"). Here,

3

1  West simply asserts that reasonable minds could differ, and his objections are therefore
2  improper. Moreover, the court concludes that these requests are not so unclear that defendant
3  cannot provide an answer based upon his understanding. Plaintiff's motion as to this issue is
4  granted.

5  E.     Objection re Compound RFAs

6  West objects that the RFAs at issue are compound because they are drawn to more
7  than one proposition. This court is not convinced that they are. Plaintiff's motion as to this
8  issue is granted.

9  F.     Objections re Defendant's Potential Inability to Answer

10 West objects to C&C's RFAs "[t]o the extent this request requires a response based on
11 information presently unknown to West, and unavailable to him through reasonable inquiry . .
12 . ." (Miller Ex. B). West's objection is insufficient to excuse him from responding to the
13 RFAs. "The answering party may assert lack of knowledge or information as a reason for
14 failing to admit or deny *only if* the party states that it has made reasonable inquiry and that the
15 information it knows or can readily obtain is insufficient to enable it to admit or deny." FED.
16 R. CIV. P. 36(a)(4) (emphasis added). Plaintiff's motion as to this issue is granted.

17 Within 14 days from the date of this order, West shall serve responses to C&C's RFAs
18 in compliance with the rulings set out above.

19 SO ORDERED.

20 Dated:    February 28, 2011

21
22 HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

4

1  5:09-cv-01303-JF Notice has been electronically mailed to:

2  Daralyn J. Durie    ddurie@durietangri.com, records@durietangri.com

3  Dirk Van Ausdall    dirk@kingandkelleher.com

4  Edward Vincent King , Jr    evking@kingandkelleher.com, dvanausdall@kingandkelleher.com, lana@kingandkelleher.com

5  Eric Charles Wood    eric.wood@solidcounsel.com

6  John Gregory Fischer    john.fischer@solidcounsel.com, dena.lambert@solidcounsel.com, pamela.house@solidcounsel.com, sstutsman@stormllp.com, ssutherland@stormllp.com, will.hester@solidcounsel.com

7  Ryan Marshall Kent    rkent@durietangri.com, records@durietangri.com

10  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.