*E-FILED 06-13-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| C&C JEWELRY MANUFACTURING, INC., | No. C09-01303 JF (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DOCUMENTS** |
| v. | |
| TRENT WEST, | [Re: Docket No. 177] |
| Defendant. | |

Plaintiff C&C Jewelry Manufacturing, Inc. (C&C) filed this patent action seeking declaratory relief. The patents in suit generally pertain to methods for making jewelry from tungsten carbide. Defendant Trent West has asserted counterclaims, alleging that jewelry rings manufactured by C&C infringe his patents.

West now moves for an order compelling C&C to produce "[a]ll documents which refer or relate to any person or entity that is not a named party who has provided or is providing financial assistance or support to C&C in this litigation." (van Ausdall Decl., Ex. A (Request for Production No. 94)). C&C opposes the motion. The matter is deemed suitable for determination without oral argument, and the June 14, 2011 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion in part and denies it in part.

C&C's President, Robert Connolly, has submitted a declaration attesting that "[t]he only

person or entity paying for [C&C's] legal fees is the plaintiff C&C Jewelry Manufacturing, Inc." (Connolly Decl. ¶ 2). C&C argues that this declaration moots the instant motion. West disagrees. Pointing out that he seeks more than information about who pays for C&C's legal fees, West contends that Connolly's declaration leaves open the possibility that C&C could be receiving financial assistance from nonparties with respect to this litigation, notwithstanding that C&C says that it pays for its legal fees.

Even so, C&C argues that the requested information has no bearing on issues in this lawsuit. West maintains that the discovery sought is relevant for three reasons: (1) to facilitate settlement; (2) to show whether nonparties may have induced C&C's alleged infringement; and (3) to show whether C&C's alleged infringement is willful. This court is disinclined to permit discovery simply because it might encourage settlement.

As for West's second and third points, evidence of indemnification against the deterrent effects that the patent laws would have on would-be infringers can be relevant to show intent to induce infringement or that infringing activities were undertaken willfully. See Hewlett-Packard Co. v. Bausch & Lomb Inc., 909 F.2d 1464, 1470 (Fed. Cir. 1990) ("Cases have held that an indemnification agreement will generally not establish an intent to induce infringement, but that such intent can be inferred when the primary purpose is to overcome the deterrent effect that the patent laws have on would-be infringers."); see also Jurgens v. McKasy, 927 F.2d 1552, 1562 (Fed. Cir. 1991) (affirming award of increased damages for infringement where, among other things, the infringer continued to sell accused products after obtaining an indemnity agreement); Church & Dwight Co., Inc. v. Abbott Labs., No. 05-02142, 2008 WL 2565349 *10 (D.N.J. June 24, 2008) (affirming jury's verdict of willful infringement where, among other things, the infringer "sought to 'insure' itself against liability exposure via indemnifications"). C&C contends that In re Seagate Technology, 497 F.3d 1360 (Fed. Cir. 2007) substantially changed the standard for finding willful infringement. This court, however, does not read that decision to mean that indemnification can never be probative of issues pertaining to infringement.

With respect to possible evidence of inducement of infringement, West points out that he seeks injunctive relief against any persons acting in privity or concert with C&C. Nevertheless, West's counterclaims are asserted only against C&C. (See Docket No. 6, Defendant's Answer and Counterclaims). West cannot use discovery to fish for evidence of potential claims that have not been asserted. Moreover, the court finds that, as drafted, his request for all documents referring or relating to "financial assistance" sweeps too broadly and encompasses information that is neither relevant nor likely to lead to the discovery of admissible evidence of alleged willful infringement by C&C.

Accordingly, West's motion to compel is granted as to documents referring to, relating to, or showing that C&C obtained financial indemnification against liability for the alleged infringement after being put on notice of West's patents. C&C shall produce to West any non-privileged responsive documents in its possession, custody, or control within 14 days from the date of this order. To the extent C&C has no responsive documents, it shall so certify for West within 14 days from the date of this order. West's motion is otherwise denied in all other respects.

SO ORDERED.

Dated: June 13, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:09-cv-01303-JF Notice has been electronically mailed to:

Daralyn J. Durie     ddurie@durietangri.com, records@durietangri.com

Dirk Van Ausdall     dirk@kingandkelleher.com

Edward Vincent King , Jr     evking@kingandkelleher.com, dvanausdall@kingandkelleher.com, lana@kingandkelleher.com

Eric Charles Wood     eric.wood@solidcounsel.com

John Gregory Fischer     john.fischer@solidcounsel.com, dena.lambert@solidcounsel.com, pamela.house@solidcounsel.com, sstutsman@stormllp.com, ssutherland@stormllp.com, will.hester@solidcounsel.com

Ryan Marshall Kent     rkent@durietangri.com, records@durietangri.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.