United States District Court
For the Northern District of California

***E-FILED 06-28-2011***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C&C JEWELRY MANUFACTURING, INC.,

Plaintiff,

v.

TRENT WEST,

Defendant.

_____________________________________/

No. C09-01303 JF (HRL)

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL DOCUMENTS**

**[Re: Docket No. 165]**

Plaintiff C&C Jewelry Manufacturing, Inc. (C&C) filed this patent action seeking declaratory relief. The patents in suit generally pertain to methods for making jewelry from tungsten carbide. Defendant Trent West has asserted counterclaims, alleging that jewelry rings manufactured by C&C infringe his patents.

Defendant moves to compel the production of documents responsive to Request for Production No. 66, which seeks "[d]ocuments sufficient to identify C&C's profitability and viability as a company, including the net and gross revenues generated on the sales of all jewelry items and the percentage of such revenues derived from the sale of the accused rings." (Mot. at 2). C&C opposes the motion. The matter was deemed submitted without oral argument. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court denies the motion.

To be clear, C&C does not oppose discovery of financial information relating to the

accused products; and, C&C says that it already has produced such documents. The parties disagree, however, as to whether West is entitled to broader discovery pertaining to C&C's products that have not been accused of infringement. West maintains that C&C's overall profitability, including revenues derived from non-accused products, is relevant to the determination of a reasonable royalty. C&C says that, aside from the accused products, it sells over one hundred other products that are not even made of tungsten carbide and which it says are entirely unrelated to the patents in suit. (Opp. at 3; Wood Decl. ¶ 5). Plaintiff also points out that the request seeks documents for an unlimited period of time. Inasmuch as West is a competitor, C&C also expresses concern about disclosing sensitive financial information about the company's overall profitability, particularly when C&C believes that such wide-ranging discovery is unwarranted.

West has not managed to persuade that the disputed discovery is relevant or reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). West cites no binding precedent holding that the overall financial condition of an accused infringer is *per se* relevant to the determination of a reasonable royalty. As a logical matter, this court is unconvinced that sales of C&C's non-accused products, which reportedly are not made of tungsten carbide, have any relevance to the accused rings. There is nothing in the record presented to suggest, for example, that sales of C&C's other products are driven by or otherwise connected to the accused rings. Nor is defendant aided by <u>3Com Corp. v. D-Link Sys., Inc.</u>, No. C03-2177, 2007 WL 949596 *3-4 (N.D. Cal., Mar. 27, 2007) (Walker, J.) in which the patentee sought worldwide sales of accused products only. As for other non-binding decisions cited by defendant, this court finds them readily distinguishable and declines to follow them here. <u>See</u> <u>Century Wrecker Corp. v. E.R. Buske Mfg. Co.</u>, 898 F. Supp. 1334, 1338 (N.D. Iowa 1995) (concluding that, where the accused infringer affirmatively sought to introduce evidence of its overall profitability to disprove damages, and where the patentee sought to exclude such evidence at trial, the evidence was relevant to reasonable royalty, but nonetheless entitled to very little weight); <u>Phase Four Industries, Inc. v. Marathon Coach, Inc.</u>, No. C04-4801, 2006 WL 1465313 at *7-8 (N.D. Cal., May 24, 2006) (Trumbull, J.) (granting plaintiff's motion to

compel defendant's financial statements where defendant agreed to produce such documents, but nonetheless failed to do so, noting without explanation that the documents defendant agreed to produce were relevant).

Based on the foregoing, defendant's motion to compel is denied.

SO ORDERED.

Dated: June 28, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

5:09-cv-01303-JF Notice has been electronically mailed to:

Bryan Roger Haynes bryan.haynes@solidcounsel.com

Daralyn J. Durie ddurie@durietangri.com, records@durietangri.com

Dirk van Ausdall dvanausdall@kingandkelleher.com

Edward Vincent King , Jr evking@kingandkelleher.com, lana@kingandkelleher.com

Eric Charles Wood eric.wood@solidcounsel.com

Eugene Novikov enovikov@durietangri.com

John Gregory Fischer john.fischer@solidcounsel.com, tori.castleberry@solidcounsel.com, will.hester@solidcounsel.com

Ryan Marshall Kent rkent@durietangri.com, records@durietangri.com

Sonali Deeksha Maitra smaitra@durietangri.com, records@durietangri.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.